**T. B. HORD GRAIN CO. v. BLAIR, Commissioner of Internal Revenue.**

Court of Appeals of District of Columbia.

Submitted March 8, 1928. Decided April 2, 1928.

No. 4632.

**Internal revenue ⚷9(27)—Profits tax liability for fiscal year ending June 30, 1918, held properly computed by comparison with representative corporations under 1918 statute (Revenue Act 1918, §§ 328(a), 335(a); Comp. St. §§ 6336 7/16k(a), 6336 7/16n(a).**

Profits tax liability of grain company for fiscal year ending June 30, 1918, *held* properly computed on basis of comparison with group of representative corporations, as provided by Revenue Act 1918, §§ 328(a), 335(a); Comp. St. §§ 6336 7/16k(a), 6336 7/16n(a), in view of sections 200, 201, 300, 301 (Comp. St. §§ 6336 1/8a, 6336 1/8b, 6336 7/16a, 6336 7/16aa), for, while measure of tax imposed is governed in part by Revenue Act 1917, §§ 200-214 (Comp. St. §§ 6336 3/8a-6336 3/8o), law is imposed solely under provision of 1918 law.

Appeal from the Board of Tax Appeals.

Proceeding before Board of Tax Appeals by the T. B. Hord Grain Company, opposed by David H. Blair, Commissioner of Internal Revenue. From the decision, the T. B. Hord Grain Company appeals. Affirmed.

E. W. Wallick and Ben Jenkins, both of Washington, D. C., for appellant.

Mabel W. Willebrandt, L. L. Hight, J. W. Fisher, C. M. Charest, and T. P. Dudley, Jr., all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. This appeal is from a decision of the Board of Tax Appeals involving the determination of the profits tax liability of appellant corporation for its fiscal year ended June 30, 1918. The theory upon which the case was determined by the Commissioner and approved by the Board entitled appellant to have its profits tax liability for the fiscal year computed upon the basis of a comparison with a group of representative corporations, as provided by section 328 of the Revenue Act of 1918, 40 Stats, 1057 (Comp. St. § 6336 7/16k).

The computation for the fiscal year resulted as follows: "Profits tax upon income of the fiscal year (12 months) at the 1917 rates, $67,741.43. Profits tax upon income of the fiscal year (12 months) at the 1918 rates, $95,498.35." Six months of appellant's fiscal year period fell within the calendar year 1917, and six months within the calendar year 1918; accordingly the profits tax liability was computed on the basis of one-half of the sum of the above amounts.

The computation of the Commissioner, as approved by the Board, is based upon section 335(a) of the Revenue Act of 1918 (Comp. St. § 6336 7/16n[a]), which provides as follows: "That if a corporation (other than a personal-service corporation) makes return for a fiscal year beginning in 1917 and ending in 1918, the tax for the first taxable year under this title shall be the sum of: (1) The same proportion of a tax for the entire period computed under title II of the Revenue Act of 1917 which the portion of such period falling within the calendar year 1917 is of the entire period, and (2) the same proportion of a tax for the entire period computed under this title at the rates specified in subdivision (a) of section 301 which the portion of such period falling within the calendar year 1918 is of the entire period."

Section 328(a) of the 1918 act (Comp. St. § 6336 7/16k(a) provides: "In the cases specified in section 327 the tax shall be the amount which bears the same ratio to the net income of the taxpayer (in excess of the specific exemption of $3,000) for the taxable year, as the average tax of representative corporations engaged in a like or similar trade or business, bears to their average net income (in excess of the specific exemption of $3,000) for such year. * * * In computing the tax under this section the commissioner shall compare the taxpayer only with representative corporations whose invested capital can be satisfactorily determined under section 326 and which are, as nearly as may be, similarly circumstanced with respect to gross income, net income, profits per unit of business transacted and capital employed, the amount and rate of war profits or excess profits, and all other relevant facts and circumstances."

It is conceded that appellant's fiscal year tax must be imposed or levied under the Revenue Act of 1918. Section 300 of the act (Comp. St. § 6336 7/16a), dealing with profits tax, provides that the terms "taxable year" and "fiscal year" shall have the same meaning as provided for income tax purposes in sections 200 and 201 of the act (Comp. St. §§ 6336 1/8a, 6336 1/8b). Section 200 defines "taxable year" as the calendar year or fiscal year ending during such calendar year; and the "fiscal year" is defined as an accounting period of twelve months ending on the last day of any month other than December, the calendar year ending December 31st of each year. It is further provided that the first taxable year under the act shall be

known as the taxable year 1918, whether it be the calendar year 1918 or any fiscal year ending during the year 1918. Section 301 (Comp. St. § 6336 7/16aa), imposing the profits tax, provides that profits taxes shall be levied, collected, and paid, "for the taxable year 1918," and shall be computed in the manner thereinafter described.

It therefore clearly appears that the tax is imposed for an entire year of twelve months, whether it be a calendar year or a fiscal year. The provisions of section 335 do not affect the general policy of the statute in imposing a tax for the twelve-month period. It was merely designed to prevent discrimination between taxpayers who based their returns on the fiscal year and those whose returns were based on the calendar year. Under section 335 the taxpayer who made his return on the calendar year basis would, for example, in 1917 be taxed entirely in accordance with the 1917 law; and in 1918, on a calendar year basis, in accordance with the 1918 law. It logically follows, therefore, as an equitable proposition, that, where a taxpayer makes his return in 1918 upon a fiscal year basis, part of which year was in 1917 and the balance in 1918, section 335 places such a taxpayer in substantially the same position both as to rate of taxation and the manner of computation of the tax as taxpayers whose returns are made on the calendar year basis.

In the present case, where the fiscal year of the taxpayer ended on June 30, 1918, and six months of the period fell within 1917 and six months within 1918, the measure of the tax to be imposed is governed in part by the 1917 law and in part by the 1918 law; but the tax is imposed solely under the provisions of the 1918 law, since the 1917 law stands repealed as to the method to be pursued in the levy assessment and computation of taxes. The 1917 act remained in force only to the extent of measuring the amount of tax which accrued under it; the method of assessment being determined from the 1918 act.

Under section 201 of the Revenue Act of 1917 (40 Stats. 300, 303 [Comp. St. § 6336 3/8b]) and section 301 of the Revenue Act of 1918, defining the normal method of computing profits taxes, but two things are considered: Net income and invested capital. It was, however, recognized that cases would arise where this method, if strictly followed, would be productive of discrimination between taxpayers; and to correct this difficulty it was provided by section 210 of the 1917 act (Comp. St. § 6336 3/8k) that, where the invested capital could not satisfactorily be determined, the amount of income exempt from profits tax should be determined by reference to the profits tax credit of representative concerns similarly situated. But that act applied only where the invested capital of the taxpayer could not be satisfactorily determined.

The Revenue Act of 1918, however, expanded the terms under which profits taxes could be determined by the special assessment method. It was to be applied under section 327 (Comp. St. § 6336 7/16j): (1) Where the Commissioner is unable to determine invested capital; (2) where the taxpayer is a foreign corporation; (3) where mixed aggregate of tangible and intangible property has been paid in for stock or for stock and bonds, and the Commissioner is unable to determine the respective values of the several items of property; (4) where, owing to abnormal conditions affecting capital or income, a tax computed under the normal sections of the statute would be disproportionate to the taxes of representative companies engaged in the same or similar business as the taxpayer. Where these conditions arise, the tax is computed under section 328 in proportion to the net income of the taxpayer to the average of representative corporations.

In the instant case, the Commissioner determined that the profits tax for the fiscal year should be computed by this special assessment method. He accordingly applied the method prescribed in section 328, both as to the period in 1917 and the period in 1918. There is no dispute as to the representative corporations selected by the Commissioner from which to determine the basis of computation; nor the ratio of profits tax to income which was applied by the Commissioner in reaching his determination.

It is contended, however, by counsel for appellant that the tax should be computed under the normal method for 1917, according to section 201 of the 1917 act; and for 1918, according to the special assessment method of the 1918 act. Under this system of computation, the normal tax for 1917 would be less than the tax computed by the special assessment method; while, for the period of 1918, the tax computed by the special assessment method would be lower than if computed by the normal method.

Under the stipulation upon which the case was tried, it appears that the tax computed upon the basis of the normal method for twelve months under the 1917 law would be $56,302.70; and for twelve months under the 1918 law would be $119,535.14. The half

of these amounts, or the tax for the fiscal year under the normal method, would be $87,918.92. If computed by reference to the average tax of representative corporations, or the special assessment method, the profits tax for the year 1917 would be $67,741.43; and for twelve months under the 1918 law would be $95,498.35. The half of these amounts, or the tax for the fiscal year, determined under the special assessment method, would be $81,619.89. This is the amount of the profits tax fixed by the Commissioner and approved by the Board.

It is urged by appellant that the tax for the fiscal year should be one-half of the normal tax for 1917, or $28,151.35, plus the one-half of the amount under the special assessment method for twelve months under the 1918 law, or $47,479.17.

In other words, the portion falling in 1917 should be computed by the normal method, and the portion falling in 1918 by the special assessment method. As stated in the opinion of the Board: "The taxpayer claims, however, that for each six-month period the tax must be computed at the rates prescribed by statute and compared with that paid by representative concerns. The lower of the two computations must then be taken in each of the six-month periods. In this manner taxpayer seeks to have its tax for the first six months computed at the statutory rates and for the second six months under the special assessment section. We see no authority in the law to support such a contention."

The Commissioner and the Board fixed the profits tax for the fiscal year on the theory that the method of assessment adopted must be for the entire year. The rule applied by the Commissioner seems to be equitable, in that, if the computation for the entire year is lower by the normal method than by the special assessment method, then the lower tax will be imposed. It will be observed, however, that, if the normal method had been adopted for the entire year, appellant's tax would be $87,918.92, while, under the method adopted, it is $81,619.89, affording a relief of about $6,300.

Appellant's contention ignores the repeal of the 1917 statute and the requirement that fiscal returns made in 1918 shall be computed as provided by the 1918 statute and not according to any method outlined in the repealed 1917 act. Section 335 of the 1918 act furnishes a clear and explicit method of computing fiscal returns made under that act, and the Commissioner and the Board committed no error in applying to this case the remedy therein provided.

The decision of the Board of Tax Appeals is affirmed, with costs.